UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
------------------------------------------------X
Kingsley Ellingson,

                Plaintiff,        Civil Action No.: 3:14-cv-814-J-34JRK

    against

Stellar Recovery, Inc.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

                Defendant.
------------------------------------------------X

Plaintiff Kingsley Ellingson (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant Stellar Recovery, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors

1

who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      Plaintiff is a natural person and a resident of the State of Missouri, Laclede County.

4.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.      Upon information and belief, Defendant is a corporation organized under the laws of the State of Florida conducting business from its principal office located at 4500 Salisbury Road, Suite 105, Jacksonville, FL  32216.

6.      Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

7. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, Plaintiff allegedly incurred a personal debt (referred to hereinafter as the "Alleged Debt").

9. Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10. In or around May 2014, Defendant commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff.

11. On or around May 13, 2013, Plaintiff mailed a cease and desist notice to Defendant.

12. Defendant received said notice on May 19, 2014. ( See "Exhibit A" – proof of mailing/receipt)

13. Despite receiving Plaintiff's cease and desist notice, Defendant continued to call Plaintiff.

14. On or about June 9, 2014, Defendant called Plaintiff in an attempt to collect the Alleged Debt. (See "Exhibit B" – picture of incoming call from Stellar Recovery).

15. Defendant's conduct violated the FDCPA.

16. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(c)

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's conduct violated 16 U.S.C. § 1692c(c) in that Defendant continued to call Plaintiff after receiving written notification from Plaintiff to cease communication.

20. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, and all costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in conduct that harassed Plaintiff..

23. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       June 30, 2014

Respectfully submitted,

By: *s/ Jerald Belofsky*
Jerald Belofsky, Esq.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
Attorneys for Plaintiff